UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case Number 09-20536-BC
v.                                     Honorable Thomas L. Ludington

ERIC MARSHALL, ET AL.,

        Defendants.

_____ /

**ORDER PROVIDING FOR MANAGEMENT OF THE BUDGETING PROCESS, PROVIDING FOR INTERIM PAYMENT OF FEES AND EXPENSES, AND REFERRING INTERIM VOUCHER PROCESS TO JUDGE BINDER**

Because of the volume of discovery and expected length of the trial in this case, and the anticipated hardship on counsel providing services to the principal defendants pursuant to subsection (e) of the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, for such a period without compensation, the following procedures for budgeting and interim payments will apply. *See Guide to Judicial Policy* (Guide), Volume 7A, § 310.60. It is **ORDERED** that:

**1.    Budgeting**

Each attorney appointed pursuant to the CJA who believes that fees and costs associated with defending his or her client will exceed $30,000 shall submit an interim budget for approval. An attorney planning to submit a budget for approval by the Court shall first seek preapproval from Mr. Bob Ranz, staff attorney for the U.S. Court of Appeals for the Sixth Circuit. After receiving approval from Mr. Ranz, the attorney shall then file an ex parte motion under seal seeking approval from the Court. This order constitutes permission to file the ex parte budgeting motion under seal and a separate motion seeking permission to file the budgeting motion under seal is not necessary. *See* E.D. Mich. L.R. 5.3. The initial budget should cover only pretrial services. A separate budget

must be provided to cover trial services, if necessary, at a later date. The budgeting motions will be referred to Magistrate Judge Charles E. Binder for initial approval and then to the Sixth Circuit Court of Appeals for final approval.

**2.     Submission of Vouchers**

Attorneys seeking interim payments, whether pursuant to a mega-case budget or not, shall submit interim Form CJA 21, Authorization and Voucher for Expert and Other Services, to Judge Binder's chambers for approval. The interim vouchers may be submitted as necessary, but a minimum of $3,000 in fees and costs must have accrued before submission. All interim vouchers must be supported by detailed and itemized time and expense statements. Guide, Volume 7A, Chapter 3 outlines the procedures and rules for claims by persons providing services pursuant to subsection (e) and should be followed regarding each voucher. Judge Binder will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize full compensation to be paid for the approved number of hours as well as all reimbursable expenses.

**3.     Guidelines for Reimbursable Expenses**

Case related travel by privately owned automobile should be claimed at the rate of 50 cents per mile, plus parking fees, ferry fares, and bridge, road, and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited. For attorneys or other service providers requiring air travel, counsel are encouraged to contact the clerk for air travel authorization at government rates.

Actual expenses incurred for meals and lodging while traveling outside the Eastern District of Michigan in the course of this representation must conform to the prevailing rates placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing

government travel regulations.

Telephone toll calls, telegrams, photocopying, and photographs can be reimbursable expenses if reasonably incurred.  However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature.  In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Federal Rule of Criminal Procedure 17 and 28 U.S.C. § 1825.

**4.     Further Guidance**

Answers to questions concerning services provided under the CJA can generally be found in (1) 18 U.S.C. § 3006A; (2) the Plan of the United States District Court for the Eastern District Of Michigan, which is available at http://www.mied.uscourts.gov/Rules/cjaplan.pdf; and (3) Guide, Volume 7A, which is published by the Administrative Office of the U.S. Courts and available at http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms.aspx.

**5.     Order of Reference**

Pursuant to the procedures set forth in this order, the process for review and approval of interim vouchers is referred to Judge Binder pursuant to 28 U.S.C. § 636(b)(1)(A) & (b)(3).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 22, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 22, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS