UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case Number 09-20536-BC
        Honorable Thomas L. Ludington

ERIC MARSHALL, MARKO BURNS,
ROLANDO DEMYERS, TERRY MARSHALL,
CAROLSON MARTIN, JOHNNY MARSHALL,
ARIQ MCCULLOH, STEPHEN MARSHALL,
EARL BLOUNT, JAMES ANDERSON, JOHNNY
WALKER, JESSE WAYNE PETERSON,
ANTOINE MARSHALL, JEREMY HOYT,
LEONARD BUSH, FINESS LATCHISON,
ANDREW CARDENA, MARK BRANDER, OTIS
GREEN, JONATHON GILBERT, RUDOLPH
SKILLMAN, BRYCE KREH, and KENYA CRAYTON,

        Defendants.
_____ /

## OPINION AND ORDER RESOLVING PRETRIAL PROCEDURAL MOTIONS

On November 9, 2009, a grand jury in the Eastern District of Michigan returned a forty-nine-count indictment against fifteen defendants accused of conspiring to distribute cocaine and cocaine base near Bay City, Michigan in violation of 21 U.S.C. §§ 841(a)(1) and 846. By the time the grand jury issued a second superseding indictment on August 5, 2010, the alleged conspiracy included twenty-five defendants and fifty-eight criminal charges. [Dkt. # 182].

On September 21, 2010, the Court issued an order amending the scheduling order and determining excludable delay. The Court concluded that the number of defendants and volume of discovery necessitated an extended scheduling order for the case. [Dkt. # 266]. The Court provided two motion cutoff dates: March 4, 2011 for procedural matters and discovery disputes and September 2, 2011 for substantive motions like motions to suppress. The order made requests for

time extensions and delays filed by several of the defendants moot. [Dkt. # 139, 140, 147, 149, 153, 155, 156, 158]. Now before the Court are the remainder of the pretrial procedural motions that were filed by the March 4, 2011 deadline [Dkt. # 132, 134, 135, 136, 323, 324, 325, 326, 327, 328, 329], and the government's responses to those motions [Dkt. # 143, 144, 145, 158, 351, 352, 353, 354, 355, 356, 358]. Pursuant to the amended scheduling order [Dkt. # 266], the Court will presume that all of the defendants join in each of the pretrial procedural motions. Each motion will be considered below.

### A

Defendant Johnny Marshall filed a motion to dismiss the indictment on March 16, 2010 [Dkt. # 132]. Five months later, the grand jury returned a second superseding indictment, making the motion moot. Moreover, "a defendant who wishes to challenge an indictment valid on his face bears a heavy burden indeed. The validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate or hearsay." *Untied States v. Markey*, 693 F.2d 594, 596 (6th Cir. 1982). "When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial." *United States v. Short*, 671 F.2d 178, 183 (6th Cir. 1982).

Here, Defendant Johnny Marshall does not contend that the indictment is invalid on its face, the alleged crime was committed outside the Eastern District of Michigan, or that the grand jury was not properly constituted. Rather, he contends that the grand jury erred when it determined there was probable cause to believe he conspired with his codefendants to distribute cocaine. As the Sixth Circuit emphasized in *Short*, an alleged deficiency in the evidence is not a justification for

dismissing an indictment where the grand jury has determined there is probable cause to believe a crime was committed. *Id.* at 182–83. Whether there is sufficient evidence of a conspiracy is a question for the jury. Accordingly, the motion will be denied.

**B**

On March 16, 2010, Defendant Johnny Marshall filed a motion to sever, seeking to be tried separately from what was then fourteen codefendants. [Dkt. # 134]. Defendant Johnny Marshall argued that he would be prejudiced by a joint trial with his codefendants because he was charged in only eight of the fifty-three counts listed in the indictment. Fed. R. Crim. P. 14(a). Defendant Johnny Marshall contends that "[t]o have the Defendant sit through trial on so many counts and so many Defendants with so much evidence the Government plans to introduce, that has nothing to do with Defendant himself, will be highly prejudicial to the Defendant as the taint of any evidence against the other [fourteen] Defendants could taint the Defendant in this matter."

Defendant Johnny Marshall has not demonstrated that he is entitled to a separate trial from his codefendants under Rule 14(a). There is a preference for joint trials in the federal system because "[t]hey promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.' " *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)). "Thus, 'a defendant seeking severance at trial bears a strong burden and must demonstrate substantial, undue, or compelling prejudice.' " *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)). The Sixth Circuit has concluded that being forced to stand trial alongside other defendants charged with "more serious offenses" does not demonstrate the type "substantial, undue, or compelling prejudice" that is required to prevail on a motion for severance. *Davis*, 177 F.3d at

557–58.

Even if, as Defendant Johnny Marshall contends, the evidence against him is slight compared to the evidence against many of his codefendants, the Court is confident that the government can "clearly differentiate[]" between the evidence against each defendant and that the jury will properly evaluate the evidence. *Id.* at 558. If necessary, "less drastic measures, such as limiting instructions," will be used to "cure any risk of prejudice." *Zafiro*, 506 U.S. at 539 (citation omitted). Accordingly, Defendant Johnny Marshall's motion to sever will be denied.

## C

On March 16, 2010, Defendant Johnny Marshall filed a motion seeking discovery from the government. [Dkt. # 135]. Defendant Johnny Marshall is seeking a list of witnesses the government intends to call at trial; the names of all confidential informants used by the government; impeachment evidence regarding the government's witnesses; the names and records regarding unindicted coconspirators; Rule 11 agreements entered into by the government and coconspirators; a copy of the grand jury proceedings relating to Defendant Johnny Marshall; and a copy of the wire tap transcript that was mentioned at the grand jury proceeding.

The Court has entered an order directing the government to disclose all evidence that it is constitutionally required to disclose, as well as all the evidence that must be exchanged under Federal Rule of Criminal Procedure 16. [Dkt. # 95]. The government notes in its response that it has complied with those disclosure requirements. Defendant Johnny Marshall has not demonstrated that he is entitled to any additional disclosures, such as the names of confidential informants. *See Roviaro v. United States*, 353 U.S. 53, 59–60 (1957). Accordingly, his motion for discovery will be denied.

**D**

On March 16, 2010, Defendant Johnny Marshall filed a motion for a pretrial hearing to determine the admissibility of his coconspirators pretrial statements under Federal Rule of Evidence 801(d)(2)(E). [Dkt. # 136]. Rule 801(d)(2)(E) provides that a "statement is not hearsay if— . . . . [t]he statement is offered against a party and is . . . (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Before a coconspirator statement may be admitted under Rule 801(d)(2)(E), the trial judge must make a preliminary finding by a preponderance of the evidence "(1) that a conspiracy existed, (2) that the defendant against whom the [statement] is offered was a member of the conspiracy, and (3) that the hearsay statement was made in the course and in furtherance of the conspiracy." *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979). The trial judge may consider the hearsay statement in the course of making the preliminary finding, but the contents of the statement "are not alone sufficient to establish" the existence of a conspiracy and the identity of the conspirators. Fed. R. Evid. 801(d)(2)(E). Defendant Johnny Marshall has asked the Court to hold an evidentiary hearing before the trial to make those preliminary determinations, but the government contends a pretrial hearing is unnecessary.

In *Vinson*, the Sixth Circuit concluded that "hard and fast" rules for making the preliminary finding required by Rule 801(d)(2)(E) would improperly limit a trial judge's "considerable discretion in controlling the mode and order of proof at trial." 606 F.2d at 152. The Court may, as Defendant Johnny Marshall requests, hold a pretrial hearing to determine the existence of a conspiracy, it may require the government to present its nonhearsay evidence first and then make the preliminary determination, or it may conditionally admit the hearsay statements subject to the


defendant's continued objection. *Id.* at 152–53. The government suggests that the Court should conditionally admit coconspirator statements and then if it is later determined that the hearsay was inadmissible, any prejudice can be cured with a cautionary instruction or, in the worst case, a mistrial.

At this time, Defendant Johnny Marshall has not demonstrated that a pretrial evidentiary hearing is necessary. As an initial matter, neither party has identified any coconspirator statements that are likely to be admitted, making it difficult to decide the extent to which they may be prejudicial. Moreover, conditionally admitting any such statements subject to a later decision on whether the statements are admissible seems to be less burdensome and more efficient than holding a separate evidentiary hearing. *See id.* at 152 (noting that the pretrial hearing method "has been criticized as burdensome, time-consuming and uneconomic"). If, as the trial date approaches, the parties identify specific coconspirator statements that the government is likely to admit, the Court may revisit this decision. It is unnecessary, however, to schedule an evidentiary hearing at this time. Accordingly, the motion will be denied.

**E**

On March 3, 2011, Defendant Earl Blount filed a motion for the production and inspection of evidence in the possession of the government. [Dkt. # 323]. Defendant Blount explains that he worked with federal investigators as a confidential informant shortly after he was arrested in January 2009. He notes that in the course of his role as an informant, he had several conversations with the investigators and seeks documents and any audio recordings that arose from those conversations. In response, the government explains that it has provided Defendant Blount with all of the documents and reports in its possession that arose out of those conversations. The government also

notes that audio recordings or transcripts of the conversations do not exist. Accordingly, Defendant Blount's motion will be denied because it appears that the government has already complied with its discovery obligations.

**F**

On March 4, 2011, Defendant Kenya Crayton filed a motion for pretrial disclosure and hearing to determine the admissibility of coconspirator statements. [Dkt. # 324]. Defendant Crayton does not identify any of the statements she believes the government will seek to admit against her. For the reasons explained in Part D above, Defendant Crayton has not demonstrated that a pretrial hearing is necessary to determine whether coconspirator statements are admissible under Rule 801(d)(2)(E). Again, if specific statements are identified before trial, the Court will consider the appropriate procedures under *Vinson* at that time. 606 F.2d at 152–53. Accordingly, Defendant Crayton's motion for pretrial disclosure and hearing as to the admissibility of coconspirator statements will be denied.

**G**

On March 4, 2011, Defendant Crayton filed a motion for severance, contending that she should be tried separately from the other defendants. [Dkt. # 325]. Defendant Crayton notes that the government alleges that she played a minor, nonviolent part in the conspiracy, and as a result, she will be prejudiced by the large volume of evidence against the defendants who were more actively involved and violent. She also contends that she will be prejudiced by the admission of statements made by other defendants to the extent she is implicated by the statements in criminal misconduct. *See Crawford v. Washington*, 541 U.S. 36 (2004). The government contends in response that Defendant Crayton has not demonstrated the type of compelling prejudice that

severance requires. Fed. R. Crim. P. 14(a).

As explained in Part B above, there is a preference for joint trials in the federal system because "[t]hey promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.' " *Zafiro*, 506 U.S. at 537 (quoting *Richardson*, 481 U.S. at 210). "Thus, 'a defendant seeking severance at trial bears a strong burden and must demonstrate substantial, undue, or compelling prejudice.' " *Caver*, 470 F.3d at 238 (quoting *Davis*, 177 F.3d at 558).

As to Defendant Crayton's first argument for severance, the Sixth Circuit has concluded that being forced to stand trial alongside other defendants charged with "more serious offenses" does not demonstrate the type "substantial, undue, or compelling prejudice" that is required to prevail on a motion for severance. *Davis*, 177 F.3d at 557–58. Accordingly, even if the evidence against Defendant Crayton is slight when compared to the evidence against some of the other alleged conspirators, it does not justify severance.

As to Defendant Crayton's second argument for severance, she has not identified any out of court statements that she believes will be prejudicial, which makes it difficult to evaluate the extent to which they might be prejudicial. The government notes that many of the out of court statements it has identified were made by witnesses who will be testifying at trial. Thus, Defendant Crayton will have an opportunity to cross examine the witnesses and there will be no Confrontation Clause problem. Moreover, to the extent the government seeks to introduce out of court statements at trial, the Court will carefully consider their admissibility under Rule 801 and the rules set forth in *Crawford*, 541 U.S. 36, at that time. Accordingly, Defendant Crayton has not demonstrated that she is entitled to a separate trial and her motion for severance will be denied.

**H**

On March 4, 2011, Defendant Crayton filed a motion seeking the identity and location of any confidential informants used by the government. [Dkt. # 326]. Generally, the government is not required to disclose the identity of confidential informants to criminal defendants because secrecy often promotes effective law enforcement and serves the public interest. *Roviaro*, 353 U.S. at 59–60. The scope of the government's privilege, however, is limited by the purpose of the rule and the "fundamental requirements of fairness." *Id.* at 60. Thus, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61. In order to prevail on a motion for disclosure of the identity of a confidential information, the defendant must demonstrate "how disclosure of the informant would substantively assist his defense." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) (citation omitted).

Here, Defendant Crayton contends that "[h]aving an opportunity to interview and possibly subpoena these individuals for trial would be essential to the preparation of [her] defenses and a fair trial," but she does not explain how the disclosure is essential. Defendant Crayton contends that certain confidential informants may have personally witnessed the alleged drug sales, but she does not explain why that makes the informants essential to her defense. "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) (quoting *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979)). Accordingly, Defendant Crayton's motion seeking the identity and location of the government's confidential informants will be denied.

**I**

On March 4, 2011, Defendant Crayton filed a motion seeking an order directing the government to provide a list of witnesses for the prosecution at least sixty days before trial. [Dkt. # 327]. Criminal defendants are not entitled to a government witness list "as a matter of right," but the district court may order the prosecution to produce a witness list. *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980). It is this Court's standard practice to establish a deadline for the production of a government witness list at the time of the final pretrial conference. [Dkt. # 95]. The Court will adhere to that practice in this case. Defendant Crayton has not demonstrated that it is necessary for the Court to issue an order directing the production of a witness list at this time or that she needs the witness list at least sixty days before trial. Particularly in light of the government's assertion that witnesses may be in danger, the Court will not direct the government to produce a witness list at such an early date. Accordingly, Defendant Crayton's motion will be denied.

**J**

On March 4, 2011, Defendant Crayton filed a motion for disclosure of *Brady* materials. [Dkt. # 328]. The government is obligated by the Constitution, U.S. Const. Amend. 14, Supreme Court precedent, *Brady v. Maryland*, 373 U.S. 83 (1963), and this Court's scheduling order [Dkt. # 95] to disclose exculpatory evidence to all of the defendants in this case. The government indicated in its response that it "has complied, and will continue to make every effort to comply, with its obligations derived from *Brady* and its progeny without the need for Court intervention." As the Court has no reason to doubt the government's sincerity, Defendant Crayton's motion will be denied.

**K**

On March 4, 2011, Defendant Crayton filed a motion seeking a Court order directing the government investigators to retain all of their "rough notes" that were created while they were interviewing suspects. [Dkt. # 329]. Although it is not clear from Defendant Crayton's brief that the government has an obligation in the Sixth Circuit to retain the notes, much less disclose them, the government has indicated in its response that all of the "rough notes" will be retained. In the event that the notes are necessary at a future stage of the case, they will be available. Accordingly, Defendant Crayton's motion will be denied.

**L**

Finally, the Court acknowledges that Defendant Johnny Marshall has filed a timely notice of his intention to introduce expert evidence concerning his mental condition and its bearing on whether he is guilty of the charged offenses under Federal Rule of Criminal Procedure 12.2(b). [Dkt. # 137].

**M**

Accordingly it is **ORDERED** that the defendants' motions requesting an extension of time to file motions [Dkt. # 139, 140, 147, 149, 153, 155, 156, 158] are **DENIED AS MOOT**.

It is further **ORDERED** that Defendant Johnny Marshall's motion to dismiss the indictment [Dkt. # 132] is **DENIED**.

It is further **ORDERED** that Defendant Johnny Marshall's motion for severance [Dkt. # 134] is **DENIED**.

It is further **ORDERED** that Defendant Johnny Marshall's motion for discovery [Dkt. # 135] is **DENIED**.

It is further **ORDERED** that Defendant Johnny Marshall's motion for a pretrial hearing on the admissibility of coconspirator statements [Dkt. # 136] is **DENIED**.

It is further **ORDERED** that Defendant Earl Blount's motion for production of discovery [Dkt. # 323] is **DENIED**.

It is further **ORDERED** that Defendant Kenya Crayton's motion for pretrial disclosure and hearing to determine admissibility of coconspirator statements [Dkt. # 324] is **DENIED**.

It is further **ORDERED** that Defendant Kenya Crayton's motion for severance [Dkt. # 325] is **DENIED**.

It is further **ORDERED** that Defendant Kenya Crayton's motion for disclosure of informants' identities and locations [Dkt. # 326] is **DENIED**.

It is further **ORDERED** that Defendant Kenya Crayton's motion for a witness list [Dkt. # 327] is **DENIED**.

It is further **ORDERED** that Defendant Kenya Crayton's motion for *Brady* disclosures [Dkt. # 328] is **DENIED**.

It is further **ORDERED** that Defendant Kenya Crayton's motion for an order directing government agents to retain "rough notes" [Dkt. # 329] is **DENIED**.

                                           s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

Dated: April 27, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 27, 2011.

                                              s/Tracy A. Jacobs
                                              TRACY A. JACOBS