UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC MARSHALL,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 09-CR-20536
CIVIL CASE NO. 16-CV-10966

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(Docs. 778, 794)

**I.**  **RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motions (Doc. 778, 794) be **DENIED**; and that the civil case be **DISMISSED**.

**II.**  **REPORT**

    **A.**  **Introduction**

On February 13, 2012, Petitioner pleaded guilty to Count 1 of a superseding information charging him with conspiracy to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1). (Doc. 557.) On October 11, 2012, judgment was entered and Petitioner was sentenced to 262 months incarceration to be served consecutively to sentences with the Michigan and Missouri Departments of corrections. (Doc. 659 at ID 2818.) Petitioner did not file any appeal. On March 15, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 778.) On March 24, 2016, United States District Judge Thomas L. Ludington, by order of reference, referred this matter to United States

Magistrate Judge Patricia T. Morris. (Doc. 781.) On March 25, 2016, this Court ordered an answer from Respondent (Doc. 782) and on April 18, 2016, Respondent filed a Response. (Doc. 787.) On June 21, 2016, Petitioner filed another motion to vacate sentence which the court construes as a reply. (Doc. 794.) These motions are ready for Report and Recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

**B.     Analysis and Conclusion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). Petitioner did not file a direct appeal, and judgment was entered on October 11, 2012. Therefore, Petitioner's judgment became final on October 25, 2012.

The one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Petitioner's sole asserted ground for relief is the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held

that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

The Sixth Circuit has held that since the United States Sentencing Guidelines (USSG) § 4B1.1 (career offender enhancement) also has a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). In the next logical step, the Sixth Circuit recently held that *Johnson* is equally applicable to the Immigration and Nationality Act's (INA's) residual definition of crime of violence. 8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. § 16(b); *Shuti v. Lynch*, No. 15-3835, ___ F.3d ___, 2016 WL 3632539, at *4 (July 7, 2016).

However, none of these enfolding sea-changes are of any value to Petitioner because Petitioner was sentenced as a career offender under § 4B1.1 because he had two prior controlled substance convictions, not because he had committed a prior crime of violence under the residual clause as defined in § 4B1.2(a). (Doc. 553 at ID 2253-54.) Therefore, *Johnson* and its progeny provide no avenue for sentencing relief for Petitioner.

I therefore suggest that Petitioner's claim is untimely and even if it were not, since *Johnson* and its progeny afford him no relief, his motions to vacate should be denied.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 14, 2016                                  S/ PATRICIA T. MORRIS
                                                      Patricia T. Morris
                                                      United States Magistrate Judge

## CERTIFICATION

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Eric Marshall #01928-025 at Lewisburg U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 1000, Lewisburg, PA 17837.

Date: July 14, 2016                                   By s/Kristen Krawczyk
                                                      Case Manager to Magistrate Judge Morris

5