UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

                Plaintiff/Respondent,              Case No. 09-cr-20536

v                                            Honorable Thomas L. Ludington

ERIC MARSHALL,

                Defendant/Petitioner.

_____/

**ORDER GRANTING MOTION FOR EXTENSION, OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTIONS TO VACATE, DENYING CERTIFICATE OF APPEALABILITY and DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On February 13, 2012, Petitioner Eric Marshall pleaded guilty to Count 1 of a superseding information charging him with conspiracy to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1). *See* ECF No. 57.  Because Petitioner qualified as a career offender under § 4B1.2(b) based on two prior controlled substance convictions, he was sentenced to 262 months of incarceration on October 11, 2012.  His sentence was to be served consecutively with sentences being served with the Michigan and Missouri Departments of Corrections. *See* ECF No. 659.  Judgment was entered that same day, and Petitioner did not file any appeal.

**I.**

On March 15, 2016, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague). *See* ECF No. 758. After Magistrate Judge Patricia T. Morris ordered an answer from

Respondent United States, Respondent filed a Response. *See* ECF No. 787.  On June 21, 2016, Petitioner filed a second motion to vacate sentence, which the magistrate judge construed as a reply to the response. *See* ECF No. 794.

On July 14, 2016 the magistrate judge issued her report and recommendation, recommending that Petitioner's motion to vacate be denied. *See* Rep. & Rec., ECF No. 802.  She reasoned that because Petitioner's status as a career offender was based on two prior controlled substance convictions his sentence did not present a residual clause issue, and thus *Johnson* was inapplicable.  *Id.*  After seeking an extension, Petitioner filed objections (filed as a motion to respond) on August 22, 2016. *See* ECF Nos. 806, 808.  Petitioner will be granted an extension and his objections will be accepted as filed.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2).  Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). Petitioner now raises two objections to the magistrate judge's order.

**A.**

In his first objection, Petitioner argues that his Constitutional rights have been violated because his former attorney did not file an appeal, despite representing to Marshall that he would do so. Petitioner did not raise this argument in his motion to vacate or in any other filings with this Court.  Issues raised for first time in objections to a magistrate judge's report and recommendation are deemed waived.  *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

Even considering the objection would not provide Petitioner any relief.  A petitioner claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668 (1984). While it is true that a petitioner can claim that counsel was constitutionally ineffective for failing to file a notice of appeal, the defendant must still satisfy his burden of showing prejudice. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). To do so, a Petitioner must show that counsel's allegedly deficient performance "actually cause[d] the forfeiture of the defendant's appeal." *Id.* at 484.

This Petitioner cannot do.  As part of his plea agreement, Petitioner waived the right to appeal any sentence over 262 months, which is the sentence he ultimately received. *See* ECF No. 553. Petitioner Marshall signed the plea agreement, attesting that he understood the document and agreed to its terms. *Id.*  "It is well settled that a defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003).  Because Petitioner voluntarily waived his right to appeal his 262-month sentence, he cannot show that his counsel caused the forfeiture of his appeal. His first objection will therefore be overruled.

**B.**

In his second objection, argues that his former counsel wrongfully allowed him to be classified as a career offender. This argument is without merit because Petitioner was properly classified as a career offender under §§ 4B1.1(a) and 4B1.2(b) based on two prior controlled substance convictions. Because his career offender status was based on controlled substance offenses under § 4B1.2(b) – not crimes of violence under § 4B1.2(a) – the holding in *Johnson* is inapplicable to his classification as a career offender. His second objection will thus be overruled.

### III.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not

- 4 -

- 5 -

be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See*

Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Petitioner Marshall's request for an extension, ECF

No. 806, is **GRANTED**.  His objections, ECF No. 808, are **ACCEPTED AS FILED.**

It is further **ORDERED** that Petitioner Marshall's Objections/Motion to respond, ECF

No. 808, is **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No.

802, is **ADOPTED**.

It is further **ORDERED** that Petitioner Marshall's Motion to Vacate, ECF Nos. 778, 794,

is **DENIED** and **DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 30, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager